**In re Anonymous No. 127 D.B. 89**

Disciplinary Board Docket no. 127 D.B. 89.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

LIEBER, *Member,* January 15, 1991—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## HISTORY OF PROCEEDINGS

Respondent has repeatedly refused to participate in these disciplinary proceedings or to answer the charges filed against him. He has neither appeared for two informal admonitions and three hearings, nor filed any briefs or presented evidence on his own behalf. This disregard for the disciplinary system is consistent with his indifference to his professional responsibilities.

The matter presently before the board arises from respondent's representation of [A] in connection with a divorce action and property settlement. Mrs. [A] retained respondent in February 1984 to obtain a divorce from her husband of 20 years. Mrs. [A] promptly paid respondent his $500 fee. On September 30, 1985, respondent filed a complaint in divorce; however, he failed to serve Mr. [C]. Thereafter, respondent took no further action to pursue the divorce, despite numerous attempts by Mrs. [A]

to communicate with him. When she finally spoke to respondent in 1986, he falsely represented to her that the divorce was nearly completed. He then requested an additional $500 fee, which Mrs. [A] paid. Respondent did nothing more. In May 1988, Mrs. [A] dismissed him and directed him to refund $300 and to return her files. After respondent failed to comply, Mrs. [A] brought the matter before the [ ] Bar Association's Fee Dispute Committee which issued an advisory opinion requiring him to return all money and property to Mrs. [A]. Respondent ignored the committee's instruction.

Mrs. [A] next retained attorney [B] to finalize the divorce. When Ms. [B] tried to obtain Mrs. [A's] files, she met with the same resistance that had earlier plagued Mrs. [A]. On several occasions, Ms. [B] requested that respondent immediately release the file and withdraw from the case. Even after respondent executed his withdrawal of appearance, however, he still refused to release Mrs. [A's] file.

By certified letter date February 27, 1989, and received on March 2, 1989, chief disciplinary counsel notified respondent that he was scheduled to receive an informal admonition pursuant to Pa.R.D.E. 208(2) and (3) on April 4, 1989. Respondent was instructed to take certain actions, including releasing to his client her file and submitting to the jurisdiction of the Fee Dispute Committee, prior to the administration of private discipline.

Respondent failed to comply with this mandate, despite another letter from the Office of Disciplinary Counsel. Again he failed to appear for the informal admonition. Respondent also ignored subsequent letters from petitioner and disregarded a third rescheduled informal admonition.

As a consequence of respondent's refusal to comply with the disciplinary sanctions imposed on him,

Office of Disciplinary Counsel filed a petition for discipline on November 17, 1989, charging him with neglect of a legal matter, failure to carry out a contract for professional services, failure to communicate with a client, failure to act with reasonable diligence and promptness, failure to withdraw, and failure to surrender property and refund unearned fees.

The matter was referred to Hearing Committee [   ], which consisted of [   ]. On February 13, 1990, Hearing Committee [   ] held a prehearing conference, which respondent failed to attend. Respondent did not attend other hearings on April 3, 1990, and May 1, 1990.

On May 7, 1990, petitioner filed a brief to Hearing Committee [   ], requesting that respondent be suspended from the practice of law for a period of 13 months.

On August 20, 1990, the hearing committee filed its report and recommended that respondent be suspended from the practice of law for 13 months.

The matter was adjudicated at the November 2, 1990, meeting of the Disciplinary Board of the Supreme Court of Pennsylvania.

## FINDINGS OF FACT

The board makes the following findings of fact:

(1) The findings of fact of the hearing committee is hereby adopted and incorporated in its entirety.

(2) On or about February 2, 1984, [A] retained respondent to represent her in obtaining a divorce and a property settlement.

(3) At the time she retained respondent, Mrs. [A] advised him that she had been separated from her husband for 20 years, during which time she had resided in the marital home.

(4) Respondent agreed to represent Mrs. [A] in an action for divorce and to obtain a property settlement for a fee of $500, to be paid in installments.

(5) Respondent agreed to start work on Mrs. [A's] case immediately upon being retained.

(6) Mrs. [A] paid respondent a total of $500 between February 4, 1984, and August 1, 1984.

(7) During the course of the representation, respondent sent Mrs. [A] only one letter dated March 28, 1984, asking her to contact him.

(8) When Mrs. [A] contacted respondent shortly thereafter, he told her that he had called New York to check with her husband and that he was going to court to file for a divorce.

(9) By letter dated August 2, 1984, Mrs. [A] advised respondent of her position with respect to her husband's demand concerning equitable distribution.

(10) Between April 1984, and September 1988, Mrs. [A] called respondent's office on numerous occasions.

(a) On almost every occasion, Mrs. [A] was advised by respondent's answering service that respondent was not available to talk to her.

(b) Each time Mrs. [A] left a message requesting that respondent return her call.

(11) Respondent failed to accept or return most of Mrs. [A's] calls.

(12) During the aforesaid period Mrs. [A] wrote to respondent on many occasions to request that respondent obtain her divorce, inter alia, by letters dated January 31, 1986; February 25, 1986; March 14, 1986; November 18, 1986; and July 21, 1987.

(13) Respondent failed to respond to Mrs. [A's] letters.

(14) Respondent failed to take any action to proceed with the divorce action on behalf of Mrs.

[A] until September 30, 1985, when he filed a complaint in divorce in the Court of Common Pleas, [ ] County, at [ ] Term, [ ], No. [ ].

(15) Respondent failed to cause Mr. [C] to be served with the divorce complaint.

(16) Respondent took no further action to prosecute the divorce action.

(17) In a telephone conversation in late 1986, respondent advised Mrs. [A] that she would have to pay him an additional $500 to complete the matter and that he was working on obtaining a "second master" to hear her case because her husband would not agree to anything.

(18) The representations as to obtaining the master were false, in that respondent had failed to cause service on defendant or take any other appropriate procedural steps precedent to the filing for appointment of a master. Pa.R.C.P. 1920.1 et seq.

(19) On January 12, 1987, Mrs. [A] paid respondent the additional $500 as requested.

(20) Thereafter, respondent took no further action to pursue Mrs. [A's] divorce.

(21) By letter dated May 23, 1988, Mrs. [A] discharged respondent, asked that he refund at least $300 of her fee, and requested that he release her file to her.

(22) Respondent failed to respond to the May 23, 1988, letter, provide a refund, release the file, or withdraw as Mrs. [A's] attorney.

(23) Mrs. [A] filed a complaint before the [ ] Bar Association's Committee on Fee Disputes.

(24) On October 12, 1988, the Fee Dispute Committee gave respondent notice of the complaint.

(25) By letter dated November 2, 1988, the Fee Dispute Committee gave the second notice to respondent.

(26) Respondent did not respond to the fee dispute complaint or any other correspondence from the Fee Dispute Committee.

(27) By letter dated November 23, 1988, the matter was assigned to a Fee Dispute Committee hearing panel, and respondent was so notified.

(28) By letter dated December 14, 1988, the fee dispute panel advised respondent of the scheduled hearing date on January 10, 1989.

(29) On January 10, 1989, Mrs. [A's] complaint before the [   ] Bar Association's Committee on Fee Disputes was heard.

(30) Respondent did not appear at the hearing.

(31) On January 30, 1989, the Fee Dispute Committee panel entered the following advisory opinion: "All monies given to [respondent] should be returned to [A] immediately with any documents that she may have given to him."

(32) Respondent did not comply with that determination.

(33) Pursuant to Pa.R.D.E. 208(2) and (3), a determination was made to impose an informal admonition upon respondent for disciplinary violations arising from the aforesaid matter.

(34) By certified letter dated February 27, 1989, for which [   ] signed the return receipt on March 2, 1989, chief disciplinary counsel [   ] notified respondent:

(a) That it had been determined to administer an informal admonition to him;

(b) Of the factual specifications and violations of the Disciplinary Rules upon which the admonition was based;

(c) Of the scheduling of April 4, 1989, at 11 a.m., at the District [   ] Office of Disciplinary Counsel, for the administration of the admonition;

(d) That the reviewing member of the hearing committee who made the determination of this discipline attached the following condition to it:

"No later than 10 days prior to the date of the scheduled informal admonition, respondent shall release to his client her file concerning her legal matter. Respondent shall submit to the jurisdiction of the Fee Dispute Committee of the [ ] Bar Association and cooperate fully with respect to any complaint filed against him by complainant. That respondent shall provide proof of having done so to the District [ ] Office of Disciplinary Counsel no later than seven days prior to the scheduled informal admonition."

(35) Respondent failed to release the file or take any action to resolve the fee issue.

(36) By letter dated March 30, 1989, Office of Disciplinary Counsel reminded respondent of the contents of the February 27 letter, advised that no evidence of his compliance had been supplied, and reminded him that failure to comply might result in the imposition of more serious sanctions against him.

(37) Respondent failed to appear at the District [ ] Office of Disciplinary Counsel at the scheduled date and time for administration of the informal admonition.

(38) At the request of chief disciplinary counsel, a secretary called respondent's office to ask respondent to call chief disciplinary counsel.

(39) Respondent did not contact chief disciplinary counsel.

(40) By letter dated April 10, 1989, chief disciplinary counsel afforded respondent an opportunity to provide any reason he wished to offer for not appearing at the scheduled informal admonition such as would constitute good cause to excuse his

non-appearance and avoid a finding of an independent act of professional misconduct.

(41) That letter was personally signed for by respondent.

(42) Respondent did not respond.

(43) By letter dated May 16, 1989, chief disciplinary counsel sent to respondent copies of the February 27 and April 10, 1989, letters and further notified respondent that if he failed to respond within 10 days, Pa.R.D.E. 203 and Board Rule 87.52(b) mandate that she direct assistant disciplinary counsel to file a petition for discipline against respondent.

(44) Respondent failed to respond to the May 16 letter.

(45) By letter dated July 11, 1989, personally served upon to respondent, chief disciplinary counsel:

(a) reiterated the prior history of her notifications to respondent of the informal admonition;

(b) notified respondent that she had rescheduled the informal admonition for August 11, 1989, at 9:30 a.m.; and

(c) further advised respondent that the condition attached to the event was amended as follows:

"No later than 10 days prior to the date of the scheduled informal admonition respondent shall release to her [sic] client, her file concerning her legal matter.

"Respondent shall comply with the determination of the Fee Dispute Committee of the [ ] Bar Association with respect to the complaint filed against him by complainant.

"Respondent shall provide proof of having complied with these conditions to the Disciplinary Counsel no later than seven days prior to the scheduled informal admonition."

(46) Respondent failed to comply with the amended conditions.

(47) Respondent failed to appear for the informal admonition as scheduled, without notice to chief disciplinary counsel and without providing good cause, or to communicate with chief disciplinary counsel concerning the matter.

(48) At the request of chief disciplinary counsel, a secretary called respondent's office to ask respondent to call chief disciplinary counsel.

(49) Respondent did not contact chief disciplinary counsel.

(50) By certified letter dated August 15, 1989, chief disciplinary counsel notified respondent that as a consequence of his failure to appear for the informal admonition, without good cause, she would direct further disciplinary action, unless he provided, within 10 days of the date of the letter, good cause for his failure to appear.

(51) Respondent failed to reply to the foregoing letter.

(52) In April 1989, Mrs. [A] retained [B], Esq., to represent her in her divorce.

(53) By letter dated April 25, 1989, Ms. [B] advised respondent that Mrs. [A] had retained her to finalize her divorce and requested that he release the file to her immediately.

(54) Respondent failed to respond to that letter.

(55) Between April 25 and July 27, 1989, Ms. [B] and her paralegal telephoned respondent's office on numerous occasions to discuss her assumption of representation of Mrs. [A] and to request that he release the file.

(56) On each occasion respondent failed or refused to speak to Ms. [B] or to respond to the telephone calls.

(57) By letter dated July 27, 1989, Ms. [B] reiterated her prior efforts to contact respondent, confirmed his dismissal as Mrs. [A's] attorney, and asked that he sign and return an enclosed withdrawal of appearance.

(58) Shortly thereafter, respondent forwarded to Ms. [B] the withdrawal of appearance which he executed on August 1, 1989.

(59) Ms. [B] entered her appearance on behalf of Mrs. [A].

(60) Thereafter, Ms. [B] attempted to reach respondent by telephone to request that he release the file to her.

(61) Respondent failed to respond to her calls or to her requests.

(62) On September 27, 1989, Ms. [B] telephoned respondent, during which conversation she reiterated her request that he immediately release Mrs. [A's] file to her.

(63) By letter dated September 27, 1989, Ms. [B] again requested that respondent release Mrs. [A's] file to her.

(64) Respondent failed to respond to that letter or to release the file.

(65) As a result of respondent's failure to release the file, the representation of Mrs. [A] by Ms. [B] was hindered, in that she was unable to ascertain the nature of the communications or problems respondent had encountered in communicating with Mr. [C].

(66) As a result of respondent's neglect of Mrs. [A's] divorce, it was necessary to obtain the reinstatement of the divorce complaint in order to proceed with the divorce.

(67) By letter dated February 15, 1990, to the hearing committee, copied to respondent, respon-

dent was asked to participate in the scheduling of the disciplinary hearing.

(68) By letter dated February 16, 1990, from Office of Disciplinary Counsel, respondent was reminded of his failure to appear for the prehearing conference, invited to contact Office of Disciplinary Counsel to resolve any legal matters prior to the hearing, and advised that should he not attend the hearing, petitioner would take the position that his failure to do so demonstrates a fundamental lack of concern about his license to practice law, which should be considered in determining the appropriate discipline to be imposed in the case.

(69) The certified copy of those letters were returned from the post office marked "unclaimed," but the first-class copies were not returned.

(70) By notice dated February 26, 1990, sent by certified and first-class mail, respondent was advised of the hearing scheduled for April 3, 1990, before the hearing committee.

(71) Exhibits P-30 through P-32 were mailed to and personally served on respondent.

(72) Respondent failed to appear for hearing on April 3, 1990.

(73) At the request of the hearing committee, further notice and opportunity to be heard was given to respondent by letter dated April 11, 1990.

(74) Respondent did not appear for the reconvened hearing on May 1, 1990.

## CONCLUSIONS OF LAW

Respondent, by virtue of his aforementioned misconduct, has violated the following Disciplinary Rules:

(1) D.R. 6-101(a)(3)—which states that a lawyer shall not neglect a legal matter entrusted to him; and

(2) D.R. 7-101(A)(2)—which states that a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client for professional services.

Respondent has also violated the following Rules of Professional Conduct:

(1) RPC 1.3—which states that a lawyer shall act with reasonable diligence and promptness in representing a client;

(2) RPC 1.16(a)(3)—which states that a lawyer shall not represent a client or, where representations has commenced, shall withdraw from the representation of a client if the lawyer is discharged; and

(3) RPC 1.16(d)—which states that upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned.

## DISCUSSION

The board notes from the outset that respondent's failure to appear for the administration of an informal admonition on April 4, 1989, and August 11, 1989, constitutes an independent basis for discipline under Pa.R.D.E. 203(b)(2). It is incumbent upon the board to next ascertain what, if any, additional grounds for discipline exist.

The saga of Mrs. [A's] divorce action is marked by a contemptuous disregard for the professional duties with which respondent was entrusted. Mrs. [A] retained respondent in February 1984, to represent her in a divorce proceeding and property settlement. Mrs. [A] testified at the April 3, 1990,

hearing before Hearing Committee [    ] that she and respondent had agreed that respondent's fee would be $500, payable in installments. Petitioner presented canceled checks, made payable to respondent from Mrs. [A] and totaling $500, which were dated February 2, 1984; March 2, 1984; April 17, 1984; June 28, 1984; and August 1, 1984.

Following their initial communication in February 1984, Mrs. [A] received a single piece of correspondence from him—a letter dated March 28, 1984 —which directed her to contact respondent's office at once concerning her case. When Mrs. [A] contacted respondent, he informed her that he had communicated with her husband in New York and was proceeding to file the divorce.

After that conversation, she was unable to reach him again until an unspecified later date, when he requested an additional $500 to complete the divorce action. Mrs. [A] paid respondent the additional funds and thereafter unsuccessfully tried repeatedly to contact him about her case. Finally, on September 30, 1985, respondent filed a Divorce Complaint on behalf of Mrs. [A]. However, as attested to by Mrs. [A's] subsequent attorney, [B], there is no evidence that Mr. [C] was ever served with the complaint.

The uncontroverted testimony of Mrs. [A] and attorney [B] and the documentary evidence of Mrs. [A's] payment of respondent's fees along with her continued requests for information, support the conclusion that respondent neglected his client's entrusted legal matter, in violation of D.R. 6-101(A)(3).

Despite having received $1,000 in payment from Mrs. [A], respondent violated D.R. 7-101(A)(2) with his intentional failure to carry out a contract of employment. Furthermore, respondent's continued

misconduct evinced a lack of reasonable diligence and promptness on behalf of his client, in violation of RPC 1.3.

Even after Mrs. [A] discharged respondent and retained [B], Esq., to' represent her in the divorce action, respondent impeded resolution of the divorce action. Between April 25 and July 27, 1989, Mrs. [B] and her paralegal tried unsuccessfully to retrieve Mrs. [A's] file. On August 1, 1989, respondent executed a withdrawal of appearance, which he forwarded to Ms. [B]. Despite Ms. [B's] repeated requests that respondent forward Mrs. [A's] file, respondent failed to relinquish the file. As a result, it was necessary to reinstate the divorce complaint in order to proceed with the case. This unnecessary delay and confusion caused Mrs. [A] substantial inconvenience. Respondent's failure to provide his former client's new counsel with her file, and his retention of his fee despite his inactivity on the case, violated RPC 1.16(d).

Finally, although respondent eventually withdrew from the case in August 1989, his obstinate refusal to withdraw prior to that date violated RPC 1.16(a)(3). See exhibits P-12, P-23, P-28.

Having ascertained that both Pa.R.D.E. 203(b)(2) and respondent's mishandling of the [A] matter provide grounds for discipline, we must determine the appropriate sanction to be imposed. As always, we are mindful of our obligation to protect the interest of the public and preserve the integrity of the bar. *Office of Disciplinary Counsel v. Stern,* 515 Pa. 68, 526 A.2d 1180 (1987).

Respondent's professional misconduct combined with his disdain for the Pennsylvania disciplinary system leads us to the conclusion that stringent discipline is warranted in this case. *In re Anonymous No. 51 D.B. 80,* 19 D.&C. 3d 769, 773 (1981).

The instant matter would have been concluded in April 1989, had respondent appeared for the administration of his informal admonition. Yet despite notice from the Office of Disciplinary Counsel and the availability of a subsequent opportunity to explain his absence, respondent chose not to contact petitioner. Even when the Office of Disciplinary Counsel rescheduled the informal admonition, respondent again elected not to participate in the disciplinary process or explain his absence.

Respondent's cavalier attitude toward the bar and its disciplinary system is manifested by his failure to appear before the [   ] Bar Association Fee Dispute Committee, his numerous failures to contact petitioner, and his refusal to appear for hearings and admonitions. Suspension from the practice of law, therefore, is appropriate.

"No penalty short of suspension would impress respondent with the gravity of his offense, and cause him to recognize the necessity of observing and adhering to the Disciplinary Rules." *In re Anonymous No. 42 D.B. 80,* 20 D.&C. 3d 341, 348 (1981).

A 13-month suspension is the minimum period for which reinstatement proceedings are required pursuant to Pa.R.D.E. 218(a). In order to impress upon respondent the gravity of his offense and to require him to actively participate in the disciplinary system, we recommend that respondent be suspended from the practice of law for a period of 13 months.

## RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends that respondent, [   ], be suspended from the practice of law for a period of 13 months.

It is further recommended that the court direct that respondent pay all the necessary expenses incurred in the investigation and processing of this matter pursuant to Rule 208(g), Pa.R.D.E.

Messrs. Tumulo and Gilardi did not participate in the adjudication.

### ORDER

And now, May 21, 1991, upon consideration of the report and recommendations of the Disciplinary Board dated January 15, 1991, it is hereby ordered that [respondent] be and he is suspended from the bar of this Commonwealth for a period of 13 months and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.